Arkady Itkin (SBN 253194)
Law Office of A. Itkin
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 640-6765
Fax: (415) 508-3474
arkady@arkadylaw.com

Attorney for Plaintiff
PATRICIA TROST

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA TROST,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHBAY HEALTHCARE CORPORATION, and DOES 1 to 100,<br><br>Defendants | **CASE NO.: 2-16-CV-02732 KJM EFB**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**<br><br>**1. RETALIATION FOR EXERCISING FMLA / CFRA RIGHTS;**<br>**2. RETALIATION IN VIOLATION OF HEALTH AND SAFETY CODE SECTION 1278.5.**<br>**3. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.** |

COMES NOW PLAINTIFF PATRICIA TROST AND ALLEGES AS FOLLOWS:

**NATURE OF THE ACTION**

1. This is an individual action brought by an employee against her former employer. Plaintiff Patricia Trost (hereinafter “Plaintiff”) alleges violations of the Fair Employment and Housing Act (hereinafter “FEHA”) based upon the Defendants’ retaliating against her for exercising FMLA / CFRA rights, as well as retaliation in violation of Health and Safety Code section 1278.5, and wrongful termination in violation of public policy.

## PARTIES

2. Plaintiff is and at all material times alleged herein, was a resident of County of Sacramento.

3. At all material times alleged herein, Plaintiff was employed by Defendant Northbay Healthcare Corporation in Solano County.

4. In addition to the Defendant named above, Plaintiff sues fictitiously Defendants DOES 1 through 100, inclusive, pursuant to Code of Civil Procedure §474, because their names, capacities, status, or facts showing them to liable are not presently known. Plaintiff will amend this complaint to show their true names and capacities, together with appropriate charging language, when such information has been ascertained.

## JURISDICTION AND VENUE

5. The acts of Defendants that form the basis for the causes of action in this complaint occurred in the County of Solano. Therefore, this venue is proper.

## FACTUAL ALLEGATIONS

6. Plaintiff started working for the Defendants around October 2000, as a Respiratory Therapist (RCP II). Throughout her lengthy career with the Defendants, Plaintiff received numerous positive performance reviews.

7. Around July 8, 2013, Plaintiff complained to Director Niki Petersen about a patient safety issue involving leaving patients unattended in the CT scanner. Around December 12, 2013, Plaintiff complained in writing to the Defendants' CEO, Gary Passama, that she observed her director endangering the patient's safety by allowing an employee who was accused of molestation to continue working with patients without supervision. Plaintiff also reported that the department manager appeared to have misrepresented facts to the Respiratory Care Board about the alleged molester. Plaintiff also made several other patient safety complaints between 2006 and 2014.

8. Plaintiff used FMLA leave intermittently since 2009. On December 23, 2013, Plaintiff went on FMLA leave in connection with having a neck surgery. Plaintiff returned to work on March 5, 2014 to full duty. Between March 2014 and her termination date, Plaintiff used a few

more days of intermittent FMLA.

9. On October 4, 2014, Plaintiff complained about bullying and harassment.

10. On October 15, 2014, Plaintiff was terminated for alleged performance and behavioral issues, as well as making harassment complaints.

11. Around October 2016, Plaintiff learned that the reasons for her termination included but were not limited to her age, and her use of FMLA leave and sick leave.

12. Plaintiff has and continues to suffer loss of wages and emotional distress.

**FIRST CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF FMLA/CFRA**

13. Plaintiff hereby incorporates by reference paragraphs 1 through 12, as though fully set forth herein.

14. At all times material to this complaint, Plaintiff was an employee qualified to exercise FMLA / CFRA leave rights.

15. Plaintiff exercised her FMLA / CFRA leave rights intermittently from 2009 through 2014.

16. Defendant is an employer subject to FMLA / CFRA rules, laws and regulations.

17. Defendant took adverse action against Plaintiff by terminating her employment in retaliation in whole or in part of exercising her FMLA / CFRA leave rights.

18. The effect of the above actions and omissions have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

19. As a direct and further proximate result of the above violations of her rights under the FMLA / CFRA, Plaintiff has suffered compensatory damages in the form of past and future wage loss, other pecuniary losses, emotional pain, loss of self-esteem, grief, stress, anxiety, stigma, humiliation, mental anguish, and loss of enjoyment of life in an amount to be proven at trial. The Defendants' acts were done with malice, fraud, and in conscious disregard for her FMLA / CFRA rights, entitling her to punitive damages.

20. As a result of the Defendants' unlawful acts, Plaintiff is entitled to compensatory damages, equitable relief, punitive damages and attorney's fees and costs.

**SECOND CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF HEALTH AND SAFETY CODE 1278.5**

21. Plaintiff hereby incorporates by reference paragraphs 1 through 20, as though fully set forth herein.

22. Plaintiff exercised her right of reporting patient safety issues on multiples occasions between 2006 and 2014 as described above.

23. Health and Safety Code section 1278.5 and related laws prohibits retaliating against healthcare employees for reporting patient safety concerns.

24. Plaintiff alleges that the Defendants retaliated against her by terminating her employment due to in part or in whole for making patient safety complaints as described above.

25. As a direct and further proximate result of the above violations, Plaintiff has suffered compensatory damages in the form of past and future wage loss, other pecuniary losses, emotional pain, loss of self-esteem, grief, stress, anxiety, stigma, humiliation, mental anguish, and loss of enjoyment of life in an amount to be proven at trial. The Defendants' acts were done with malice, fraud, and in conscious disregard for her rights, entitling her to punitive damages.

26. As a result of Defendant's unlawful acts, Plaintiff is entitled to compensatory damages, equitable relief, punitive damages, and attorney's fees and costs. This request for relief excludes request for civil penalties.

**THIRD CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

27. Plaintiff hereby incorporates by reference paragraphs 1 through 26, as though fully set forth herein.

28. On information and belief, Plaintiff alleges that, during times material here, the Defendant violated the FEHA and FMLA / CFRA and Health and Safety Code section 1278.5 et

seq by terminating her employment.

29. It is a public policy of the State of California to discourage, prevent and remedy workplace discrimination and retaliation. This policy is embodied in various laws and regulations, including FEHA, FMLA and Health and Safety Code sections 1278.5 et seq.

30. Plaintiff's termination by the Defendants violated the above-stated public policy, because she was terminated in whole or in part because of her age, because of exercising her FMLA / CFRA rights, making a complaint to EEOC around July 2014, and complaining about patient safety.

31. The Defendants' acts were done with malice, fraud, and in conscious disregard for her disability and medical leave rights, because the Defendants knew, at the time of terminating Plaintiff, that she was entitled to these rights. Therefore, Plaintiff is also entitled to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

1. For compensatory damages;
2. For punitive damages;
3. For statutory attorneys' fees and costs of suit, for any applicable interest; and,
4. For such other and further relief as is just and proper.

//

//

//

//

DATED: December 10, 2016

RESPECTFULLY SUBMITTED,

Arkady Itkin

BY:________________________

Arkady Itkin
Attorney for Plaintiff
PATRICIA TROST

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial for each and every claim for which she has a right to a jury trial.

DATED: December 10, 2016

RESPECTFULLY SUBMITTED,

Arkady Itkin

BY: ________________________

Arkady Itkin
Attorney for Plaintiff
PATRICIA TROST